## MOTT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9529.

Circuit Court of Appeals, Sixth Circuit.

Dec. 2, 1943.

Roy E. Brownell, of Flint, Mich., and E. F. Colladay, of Washington, D. C. (E. F. Colladay and Wilton H. Wallace, both of Washington, D. C., and Roy E. Brownell and Morris Zwerdling, both of Flint, Mich., on the brief), for petitioner.

Wm. B. Waldo, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, J. Louis Monarch, and Muriel S. Paul, all of Washington, D. C., on the brief), for respondent.

Before HICKS, ALLEN, and McALLISTER, Circuit Judges.

ALLEN, Circuit Judge.

The sole question presented is whether the Tax Court of the United States erred in determining that the fair market value on December 5, 1939, of 100,000 shares of General Motors Corporation common stock was $5,275,000. The Commissioner, in computing the amount of tax upon a transfer by gift of the shares of stock in question on December 5, 1939, determined its value as $52.75 per share, and the Tax Court made the same finding. The petitioner contends that upon the basic date the block of stock could not have been sold for more than $4,925,000, and that this amount, therefore, is the fair market value of the stock at that time. The Commissioner's determination was based upon the market quotations of sales of 7,900 shares of General Motors common stock on the New York Stock Exchange on December 5, 1939, being the average of the high and low prices for that day. Various experts testified on behalf of the petitioner that so large a block of stock could not have been sold at the market price shown upon the basic date, and that the fair market value per share was either $50.00, $49.25, or $47.00.

The decision of the Tax Court must be affirmed as to this question of fact, if there was substantial evidence to support its conclusion. Elmhurst Cemetery Co. of Joliet v. Commissioner, 300 U.S. 37, 40, 57 S.Ct. 324, 81 L.Ed. 491; Doric Apartment Co. v. Commissioner, 6 Cir., 94 F.2d 895. While the size of a block of listed stock may be considered in its valuation for gift or estate tax purposes [Helvering v. Maytag, 8 Cir., 125 F.2d 55], the Tax Court was not required to accept the opinions of petitioner's experts as to value in the presence of substantial evidence to the contrary. Gamble v. Commissioner, 6 Cir., 101 F.2d 565, certiorari denied 306 U.S. 664, 59 S.Ct. 790, 83 L.Ed. 1061. It does not appear that the block of 100,000 shares could not have been sold on the market at its quoted prices within a reasonable time by skilled brokers following prudent liquidation practices. In fact the record shows the contrary. In addition to the quotations of sales of this stock on the New York Stock Exchange December 5, 1939, statements were introduced in evi-

dence of the trading in this stock on the Exchange for each day from July 1, 1939, to June 30, 1940, giving the date, high, low, open, close, and number of shares sold. These records show for the most part a steady rise in value in transactions in General Motors common stock for the period from December 5, 1939, to January 31, 1940. For most of the time the average price was $53.00 or $54.00, and at no point did the average price fall below $51.50. Over 375,000 shares were sold within these two months. The Tax Court was not obliged to close its mind to these subsequent facts which demonstrate the correctness of the Commissioner's valuation. Doric Apartment Co. v. Commissioner, supra. The history of the actual sales and the prices secured demonstrate that a reasonably efficient liquidation of the stock within a short time after December 5, 1939, would have sustained the values assessed by the Commissioner. Cf. Bull v. Smith, 2 Cir., 119 F.2d 490.

The decision of the Tax Court is affirmed.